IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| VERNE A. HODGE, JR.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF THE VIRGIN ISLANDS,<br><br>　　　　　　Defendant. | Civil Action No. 07-87<br><br>**OPINION DENYING MOTION TO REMAND** |

**APPEARANCES:**

Verne A. Hodge, Jr.
P.O. Box 7603
St. Thomas, Virgin Islands 00801

　　　*Pro Se Plaintiff*

Micol L. Morgan
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI 00802

　　　*Attorney for Defendant*

**BROTMAN, DISTRICT JUDGE (Sitting by Designation)**

**I.　BACKGROUND**

　　Plaintiff Verne A. Hodge, Jr., employed since 1999 as Assistant General Counsel with the

Defendant (formerly known as the Territorial Court of the Virgin Islands), acting *pro se* brings

1

this matter and alleges the Defendant Court has jurisdiction, pursuant to § 21 of the Revised Organic Act of 1954 (as amended); 48 U.S.C. 1611(a), and 10 V.I.C. §121(b) of the Whistleblowers Protection Act ("WPA"), 10 V.I.C. §121, *et seq.* Plaintiff alleges various unethical and unlawful governmental activities by various employees of Defendant which he reported to Defendant resulting in Defendant through its presiding Judge and others retaliating and discriminating against him, including but not limited to the following:

(A) Defendant's humiliating eviction of Plaintiff, and the removal of Plaintiff's effects from his office.

(B) Defendant's humiliating relocation to unsuitable and intolerable worksites.

(C) Defendant's malicious order that Plaintiff work under intolerable working conditions after receiving notice from Plaintiff of those intolerable conditions.

(D) Defendant's failure to promote Plaintiff despite his timely, thorough and satisfactory performance of his duties, despite its promise to promote Plaintiff.

(E) Defendant's hiring of a less experienced attorney in matters particular to the Judicial branch than Plaintiff to the position promised to Plaintiff.

(F) Defendant's removal of Plaintiff's supervisory capacity.

(G) Defendant's hindering of the performance of Plaintiff's duties.

(H) Defendant's refusal to provide a reasonable ADA accommodation.

(I) Defendant's refusal to grant relief from its historical pattern of discriminatory denial of benefits and privileges of its professional employment to Plaintiff.

(J) Defendant's misrepresentations in ruse to force Plaintiff to resign.[1]

---

[1] Language taken from Plaintiff's Amended Complaint.

In so far as (H) above is concerned, Plaintiff sets forth in Count III of the Amended Complaint ("Retaliation By Denial of Reasonable ADA Accommodation") that his asthmatic condition was known to Defendant and its Presiding Judge, Darryl Donahue, and that his formal request for telecommuting as a reasonable accommodation was refused.

Defendant filed its Notice of Removal to this Court on May 30, 2007 asserting that the District Court of the Virgin Islands has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 as Plaintiff asserts a claim of retaliation premised upon the Americans with Disabilities Act ("ADA"), 42 U.S.C.12102, *et seq*. Defendant further contends the remaining counts in the Amended Complaint to the extent they are premised upon territorial laws are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

On June 26, 2007, Plaintiff filed his Motion to Remand this matter to the Superior Court of the Virgin Islands pursuant to 28 U.S.C. §1447(c) contending this Court lacks subject matter jurisdiction required by 28 U.S.C. §1441 and 1331 to properly remove this matter. Defendant on July 12, 2007 filed its Opposition to Plaintiff's Motion to Remand. This Court heard oral argument on October 26, 2007, taking this matter under advisement.

## II.  **DISCUSSION**

In his Amended Complaint Plaintiff references the Whistleblowers Protection Act which protects against retaliation against employees by providing that:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or suspected violation of a law or regulation or rule promulgated pursuant to law of this territory or the United States to a public body [...].

3

10 V.I.C. § 122.

Plaintiff asserts that the WPA is the standard by which his claims should be evaluated, and as such that this matter should be remanded so that the case may be judged accordingly. However, simply pleading under the WPA does not change the fact that Plaintiff's claims lie under federal law.

A federal question case is one "'arising under the Constitution, laws, or treaties of the United States.'" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The Court disagrees with Plaintiff's assertion that his Complaint does not include a federal question. Here, the WPA claims alleged in this action can be viewed as secondary violations. That is, the WPA protects retaliation arising from reporting of the primary complaints, not the primary complaints themselves. The injuries Plaintiff alleges are primary violations and fall squarely under the ADA. Plaintiff's complaints are primary in nature, thus he cannot use the WPA to provide himself with a backdoor to escape from federal jurisdiction. The issues faced in this case are more than an interpretation of federal law or a federal issue arising within a state claim. This is a case where the injuries were incorrectly pleaded as a state claim when in actuality the alleged injuries are based in federal law.

In assessing whether removal was proper to determine whether this matter arises under federal law, this Court must consider the following: whether (1) the federal law must be an

"essential" element of plaintiff's cause of action; (2) the federal question must arise from a well-pleaded complaint and not from the answer or the petition for removal; (3) the federal question may not be inferred from a defense; and (4) the federal question must be substantial. *Martin v. Wilkes-Barre Publishing Co.*, 567 F. Supp. 304, 307 (M.D. Pa. 1983) (citations omitted).

As to the first element, federal law is an essential element of plaintiff's cause of action. The claims raised by Plaintiff are grounded in federal law. Litigants asserting a claim under the WPA must establish that (1) he or she engaged in conduct protected under the Act; (2) the employer took adverse action against the employee; and (3) there was a causal connection between the protected conduct and the adverse action. *See Johnson v. Virgin Islands*, 35 V.I. 27, 30 (1996). The WPA was established to protect against retaliation where an employee reports or is about to report a violation or suspected violation of a law where the employer then threatens the terms of the employee's employment. *See* V.I. Code Ann. Title 10, § 122. Here, Plaintiff has not shown that Defendant has **retaliated** by threatening or denying any terms of employment. Rather, Plaintiff alleges straight discrimination issues, which fall within the bounds of the ADA. Plaintiff's Complaint is clearly grounded in federal law.

Secondly, the federal question here does arise from the Amended Complaint. While he does not specifically plead injury using the terms of the ADA, the injuries alleged to have been inflicted by Defendant are discrimination claims which would fall under the protection of ADA. Plaintiff cannot use the lack of mentioning the ADA as a ticket to a backdoor entry to venue in the Superior Court. The protections that he is seeking are protections under the ADA. Those protections are not simply supporting his claim – they are the essence of his claim.

Thirdly, the federal question is not inferred from any defenses claimed by Defendant. Plaintiff raises the federal question directly, though he argues that his wording does not. The fact remains that, no matter how Plaintiff chooses to phrase it, the claims arise under federal law directly from Plaintiff's pleadings, and not from any defense offered by Defendant.

Lastly, the federal question here is substantial as it is the basis for any WPA retaliation claim that may exist. Plaintiff is alleging ADA injuries (such as being denied permission to telecommute) and those injuries are the root of the entire litigation. Therefore, Plaintiff cannot gloss over the alleged ADA injuries in an attempt to formulate a lawsuit devoid of any federal question.

## II.  CONCLUSION

Plaintiff's Complaint does raise a substantial federal question on its face. Plaintiff's basis for his claim under the Whistleblowers Protection Act is grounded in federal law as he asserts that the retaliation he experienced was denial of reasonable ADA accommodation. That circular logic does not allow Plaintiff to evade the importance and central quality of the federal claim. As such, the Court finds that Removal to Federal Court was proper and that Plaintiff's Motion for Remand is hereby denied.

Dated:       April 24, 2008

_____
HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)

6