IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| VERNE A. HODGE, JR. | : | CIVIL ACTION |
| | : | No. 07-87 |
| v. | : | |
| | : | |
| SUPERIOR COURT OF THE | : | |
| VIRGIN ISLANDS | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                **October 14, 2009**

Hodge moves under Federal Rule of Civil Procedure 60(b)(1), (2), and (3), and Local Rule of Civil Procedure 7.3, asking this Court to reconsider and vacate four of its Orders.[1] Although Hodge timely moves for reconsideration within ten days after the entry of each Order, Hodge fails to show he is entitled to such relief.

Hodge moves under Federal Rule of Civil Procedure 60(b) to reconsider and vacate each Order. Rule 60(b) applies only to motions for relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); *see also Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997) (holding Rule 60(b) "applies only to 'final' judgments and orders"). The Third Circuit has explained:

> [T]he qualifying word "final" emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

---

[1] Hodge asks this Court to reconsider and vacate the September 11, 2009 Order, granting summary judgment in favor of Defendant Superior Court of the Virgin Islands and dismissing with prejudice Hodge's Amended Complaint (Doc. 75); September 11, 2009 Order, granting the Superior Court's motion to strike Hodge's Exhibit E and ordering Hodge to pay all fees and costs incurred by the Superior Court in motion practice to preserve its attorney-client privilege over the documents contained in Exhibit E (Doc. 76); September 15, 2009 Order, denying with prejudice Hodge's motion for default judgment (Doc. 85); and September 15, 2009 Order, denying with prejudice Hodge's motion for summary judgment (Doc. 86).

1

*Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 124-25 (3d Cir. 2004). A final decision is "one which disposes of the whole subject, gives the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Id.* at 125 (citations and internal quotation marks omitted). An order is not final if claims remain undecided for resolution by the district court. *Id.* (citing with approval *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) (explaining Rule 60(b) must be limited to review of final decisions because "[a] party should not get immediate review of an order for discovery, or one denying summary judgment and setting the case for trial, just by filing a Rule 60(b) motion to set aside the order and then appealing the denial of this motion")).

The only final Order Hodge challenges is this Court's September 11, 2009 Order, granting summary judgment in favor of Defendant Superior Court of the Virgin Islands and dismissing with prejudice Hodge's Amended Complaint. The remaining three Orders from which Hodge seeks relief are not final orders because they do not resolve all claims, ending the litigation and leaving nothing for the court to do but execute the judgment. Thus, this Court's interlocutory orders may not be challenged under Rule 60(b).[2]

Rule 60(b) provides specific bases for reconsideration of a final judgment, including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."

---

[2] Specifically, Hodge cannot move under Rule 60(b) to challenge this Court's interlocutory September 11, 2009 Order, granting the Superior Court's motion to strike Hodge's Exhibit E and ordering Hodge to pay all fees and costs incurred by the Superior Court in motion practice to preserve its attorney-client privilege over the documents contained in Exhibit E (Doc. 76); September 15, 2009 Order, denying with prejudice Hodge's motion for default judgment (Doc. 85); and September 15, 2009 Order, denying with prejudice Hodge's motion for summary judgment (Doc. 86).

Fed. R. Civ. P. 60(b)(1), (6). Under Rule 60(b)(1), Hodge seeks relief from this Court's September 11, 2009 Order, which finally dismissed with prejudice his case. He asserts reconsideration is justified by this Court's legal error. Hodge is mistaken. The Third Circuit has held legal error alone does not warrant application of Rule 60(b) because legal error can be corrected on a direct appeal. *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). A Rule 60(b) motion based on legal error alone may not be used as a substitute for appeal. *Id.*; *see also Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (holding a Rule 60(b) motion is not a substitute for appeal or a vehicle for needlessly repetitive reconsideration of previously rejected legal theories); *Martinez-McBean v. Gov't of V. I.*, 562 F.2d 908, 912 (3d Cir. 1977) ("Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b).").

Moreover, Rule 60(b) relief is available "only in cases evidencing extraordinary circumstances." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); *accord Ibarra v. W.Q.S.U. Radio Broadcast Org.*, 218 Fed. Appx. 169, 170 (3d Cir. 2007). *See also Sawka v. Healtheast*, 989 F.2d 138, 140 (3d Cir. 1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."); *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (holding only "extraordinary and special circumstances" justify relief under Rule 60(b)(6)). There are no extraordinary circumstances present here, which would warrant this Court revisiting its Orders.

Hodge also seeks relief under Rule 60(b)(2) from this Court's September 11, 2009 Order, which finally dismissed with prejudice his case. Rule 60(b)(2) provides relief from judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Hodge asserts an

3

unauthenticated copy of an August 31, 2009 Determination of the Equal Employment Opportunity Commission, EEOC Charge No. 16L-2008-00023, is "new evidence" of the Superior Court's retaliation against him. Pl. Br., Ex. 1 (Doc. 82-2). The EEOC letter does not justify reconsideration for a number of reasons.

The EEOC letter is not newly discovered evidence. Hodge filed his motion for summary judgment on September 14, 2009, which was the next business day after this Court dismissed with prejudice his case on September 11, 2009. Hodge attached the EEOC letter as an exhibit to his motion for summary judgment. The Court did not overlook the EEOC letter, as asserted by Hodge. The Court fully considered the EEOC letter before denying with prejudice Hodge's motion for summary judgment by this Court's September 15, 2009 Order. Hodge thus had already submitted the EEOC letter to the Court ten days before he resubmitted the letter as new evidence supporting his motion for reconsideration, which was filed on September 25, 2009. Furthermore, the EEOC letter is no evidence at all. It purports to be a "determination as to the merits" of Hodge's charge filed under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Hodge asserted the Superior Court violated the ADA by denying telecommuting as a reasonable accommodation for his asthma and violated Title VII by discriminating against him because of his gender. The letter states the EEOC's "finding that there is reason to believe a violation has occurred," and "[informal] conciliation has now begun." EEOC letter at 2. The letter, however, does not detail any factual findings of the EEOC's investigation. The EEOC does not reference any specific evidence in its letter, which only refers generally to "the evidence," without ever saying what evidence the EEOC relied on. *See, e.g.*, EEOC letter at 2 ("the evidence indicates"; "the evidence also established that").

The EEOC does not state in its letter the Superior Court in fact discriminated and retaliated against Hodge by failing to accommodate his alleged asthma disability. The EEOC letter provides no admissible evidence of retaliation on which a jury could reasonably rely, and therefore it is insufficient to create an issue of material fact to defeat summary judgment in favor of the Superior Court or serve as a basis to grant summary judgment in favor of Hodge. *See Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting where much of the plaintiff's evidence to show pretext would not have been admissible at trial, the district court correctly ruled it was not proper to consider such evidence on summary judgment).

In addition, the EEOC's finding of reasonable cause to believe an ADA violation has occurred is irrelevant and immaterial to this Court's decision to dismiss with prejudice Hodge's retaliation claims under the Whistleblowers Protection Act, 10 V.I.C. § 121, *et seq.* (WPA). Even assuming for the sake of argument the EEOC letter conclusively established the Superior Court failed to reasonably accommodate Hodge's asthma, the letter does not show the Superior Court refused to accommodate Hodge's asthma in retaliation for his November 30, 2006 report. The letter therefore is of no probative value on the issue of retaliation under the WPA.

Hodge also seeks relief under Rule 60(b)(3) from this Court's September 11, 2009 Order, which finally dismissed with prejudice his case. Rule 60(b)(3) provides relief from judgment due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Hodge asserts the Superior Court fraudulently failed to disclose or produce written discovery answers, which prevented him from fully and fairly presenting his case. His position is without merit.

Rule 60(b)(3) cannot provide Hodge with the relief he seeks for alleged deficiencies in

discovery responses, which he attributes to the Superior Court's fraud and misconduct. Hodge bears the burden of proving the Superior Court engaged in fraud, misrepresentation, or other serious misconduct, which prevented him from fully and fairly presenting his case. *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir. 1983). He must prove his assertions of fraud and misrepresentation by clear and convincing evidence. *Brown v. Pa. R.R.*, 282 F.2d 522, 527 (3d Cir. 1960). Hodge fails to produce a scintilla of evidence of fraud, misrepresentation, or serious misconduct.

Hodge chose not to timely pursue resolution of any perceived discovery deficiencies. Hodge filed his motion for default judgment on September 14, 2009, the next business day following this Court's September 11, 2009 Order, dismissing with prejudice his case. In justifying his motion for default judgment, Hodge raised virtually the same alleged discovery deficiencies he now raises to justify his Rule 60(b)(3) motion. Reconsideration is not warranted because "Hodge cannot use a tardy discovery dispute to salvage his claims," as this Court has already ruled in its September 15, 2009 Order, dismissing with prejudice Hodge's motion for default judgment. Order of September 15, 2009 at 1, n.1. As this Court previously ruled, Hodge alone, not the Superior Court or this Court, is responsible for the discovery deficiencies of which he complains.

Although Hodge moves for reconsideration under Rule 60(b), the Court must focus on "the function of the motion, not its caption" to determine which Rule applies. *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984). Hodge's motion functions as a motion under Federal Rule of Civil Procedure 59(e) to "alter or amend a judgment" and serves the purposes of Rule 59(e). *See Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1987) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment."); *accord Holsworth v. Berg*, 322 Fed. Appx. 143, 146 (3d Cir. 2009). The Third

Circuit has described a Rule 59(e) motion as a "'device to relitigate the original issue.'" *Smith*, 853 F.2d at 158 (quoting *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir. 1987).

Hodge challenges each of this Court's Orders only by ascribing error to this Court's decisions, and then repeating and rearguing the merits of his original position, which arguments the Court has already rejected. Hodge's motion in its entirety will be treated as a motion under Rule 59(e). *See CTC Imp. & Exp. v. Nigerian Petroleum Corp.*, 951 F.2d 573, 577 (3d Cir. 1991) (treating a Rule 60(b) motion for reconsideration and relief from an order granting Rule 11 sanctions as a Rule 59(e) motion to alter or amend a judgment); *Federal Kemper*, 807 F.2d at 348 (treating a motion for reconsideration of an order entering default judgment as a Rule 59(e) motion); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)."); *Brown v. Reed Elsevier, Inc.*, 75 Fed. Appx. 869, 872 (3d Cir. 2003) (treating a motion under the district court's local rules as the functional equivalent of a Rule 59(e) for reconsideration of an order granting summary judgment on the plaintiff's employment discrimination claim).

Local Rule 7.3, which is a specific authorization of post-judgment procedure set forth in Rule 59(e),[3] applies to an "order or decision," whether final or interlocutory. LRCi 7.3. Local Rule 7.3 provides for motions "asking the Court to reconsider its order or decision," which must be filed

---

[3] *See Gainey v. Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Employees*, 303 F.2d 716, 718 (3d Cir. 1962) (noting motion for reconsideration filed under Local Rule 34 of the District Court for the Eastern District of Pennsylvania was "a specific authorization of a post-judgment procedure that is inferentially covered by the broader general language of Rule 59").

"within ten (10) days after the entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

Hodge fails to show any basis under Rule 59(e) or Local Rule 7.3 for granting relief from any of this Court's Orders. He fails to show any applicable intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice as required by these Rules. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); LRCi 7.3 (a motion for reconsideration must be based on "intervening change in controlling law; availability of new evidence; or the need to correct clear error or prevent manifest injustice"). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration "is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V. I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Hodge demonstrates only his dissatisfaction with the Court's dismissal of his claims, which is not a reason to provide the relief he seeks. He merely repeats the merits of his arguments, which the Court has already rejected. *See Smith*, 853 F.2d at 158 (holding a motion for reconsideration is not a vehicle for needlessly repetitive reconsideration of previously rejected legal theories). As the *Bostic* court noted, "reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for an appeal." *Id*.

An appropriate order follows.