IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| VERNE A. HODGE, JR. | : | CIVIL ACTION |
| | : | No. 07-87 |
| v. | : | |
| | : | |
| SUPERIOR COURT OF THE | : | |
| VIRGIN ISLANDS | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                **November 24, 2009**

Defendant Superior Court of the Virgin Islands, as the prevailing party in this action,[1] moves under 5 V.I.C. § 541 and Federal Rule of Civil Procedure 54 for an award of attorneys' fees.[2] The Superior Court seeks to recover fees incurred in defending claims Plaintiff Verne A. Hodge, Jr. asserted under the Whistleblower Protection Act, 10 V.I.C. § 121, *et seq.* (WPA). Hodge opposes the motion, arguing Section 124 of the WPA precludes an award of fees to a prevailing defendant. Hodge asks for a denial or reduction of any fee award to the Superior Court. The Court concludes the Superior Court is entitled to an award of reasonable and fair attorneys' fees in the amount of $50,995.00.

Hodge prosecuted his claims in this action under Virgin Islands territorial law, specifically the WPA.[3] Virgin Islands territorial law thus controls the Superior Court's entitlement to attorneys'

---

[1] By its September 11, 2009 Order, the Court granted summary judgment in favor of the Superior Court on all claims asserted by Plaintiff Verne A. Hodge, Jr.

[2] The Superior Court filed and served a motion for fees under 5 V.I.C. § 541 within 14 days after the entry of judgment, as required by Federal Rule of Civil Procedure 54(d)(2)(B).

[3] Hodge's pleadings stated injuries cognizable under both the WPA and the Americans with Disabilities Act, 42 U.S.C. §§ 12102, 12111-12117 (ADA). Although he did not expressly mention the ADA in his pleading, this Court previously ruled "the injuries alleged to have been inflicted by [the Superior Court] are discrimination claims which would fall under the protection of the ADA."

1

fees. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir.), *reh'g denied*, 202 F.3d 253 (3d Cir. 1999) (noting Section 541 is applicable to fees for the litigant who succeeds in pursuing Virgin Islands territorial claims); *In re Kool, Mann, Coffee & Co.*, Bankr. No. 3-90-00017, Adversary No. 3-91-00004, 2007 WL 1202888, at *2-3 (Bankr. D.V.I. Apr. 17, 2007) (holding Section 541 applied to determine rights to attorneys' fees in an adversary proceeding in bankruptcy where the asserted causes of action arose only under Virgin Island territorial law).

The Virgin Islands has authorized courts to award to any prevailing party in a civil action costs and fees the party incurred in prosecuting or defending the action. *See* 5 V.I.C. § 541(a)(6) & (b) (stating "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto"). The purpose of Section 541 is to indemnify the prevailing party, and "the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's fault." *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, No. 77-235, 18 V.I. 275, 278, 1981 U.S. Dist. LEXIS 9369, at *3 (D.V.I. Jan. 22, 1981).

The decision whether to award fees is within the court's discretion. *Jo-Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.*, No. 1989-106, 1995 WL 78299, at *4 (D.V.I. Feb. 9, 1995);

---

*See* Memorandum Opinion of April 24, 2008 at 5. Hodge moved to dismiss his ADA claims on May 8, 2008, pursuant to Federal Rule of Civil Procedure 41(a)(2). He asserted he never intended to file a federal ADA claim, but merely sought to show the Superior Court's refusal to allow him to telecommute, as an ADA accommodation for his asthma, was an instance of retaliation prohibited under the WPA. By Order of June 2, 2009, the Court dismissed without prejudice Hodge's ADA claims and exercised supplemental jurisdiction under 28 U.S.C. § 1367(a) over Hodge's remaining claims, which were based on territorial law under the WPA.

*see also Bedford*, 18 V.I. at 277 ("Both the decision to make such an award and the amount to be awarded are within the court's discretion.").

A "prevailing party" under Section 541 is "one in whose favor a decision or verdict is rendered and a judgment is entered." *Melendez v. Rivera*, No. 10/1988, 24 V.I. 63, 65, 1988 V.I. LEXIS 35, at *4-5 (Terr. Ct. Oct. 28, 1988) (citing *Ingvoldstad v. Kings Wharf Island Enters., Inc.*, No. 1983/36, 20 V.I. 314, 1983 U.S. Dist. LEXIS 13112, at *3 (D.V.I. Oct. 4, 1983), *aff'd*, 734 F.2d 5 (3d Cir. 1984)). Because the Superior Court was granted summary judgment on all claims in this action, the Superior Court is a prevailing party under Section 541.

The parties dispute how Section 124 of the WPA and Section 541 should be construed together. Hodge asserts the Superior Court cannot recover attorneys' fees under Section 541 because the WPA expressly authorizes such an award to a "complainant," but does not expressly authorize such an award to a defendant. Section 124 provides:

> A court rendering a judgment in an action brought pursuant to the provisions of this chapter, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of those remedies. A court may also award *complainant* all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award if appropriate.

10 V.I.C. § 124 (emphasis added). Hodge contends the plain language of Section 124 admits of only one interpretation: a plaintiff, whether prevailing or unsuccessful, is entitled to an award of attorneys' fees, but prevailing defendants are precluded from awards of attorneys' fees. Hodge argues the WPA is a statutory exception to 5 V.I.C. § 541(a)(6) & (b), by which the Virgin Islands legislature purposefully intended to protect plaintiffs asserting claims under the WPA from the recovery of attorneys' fees by prevailing defendants. Hodge provides no legal authority to support

3

his interpretation of the plain language of Section 124 or his construal of Section 124 as an exception to Section 541.

Section 124, by its plain language, does not preclude an award to a prevailing defendant. No other provision of the WPA expressly precludes an award to prevailing defendants. Section 541, however, expressly provides for an award of attorneys' fees to a prevailing defendant in any civil action. Thus, the question presented is whether a defendant who prevails in a civil WPA action can recover attorneys' fees under Section 541. The Court and the parties are not aware of any Virgin Islands authority addressing this issue.

Because Section 124 was enacted after Section 541,[4] Hodge argues Section 124, by its express provision of fee awards only to a "complainant," impliedly repealed Section 541 in part to the extent Section 541 provides for fee awards to prevailing defendants in WPA actions. This Court, a federal tribunal, should not and will not read a prohibition into Section 124, a Virgin Islands territorial statute, by implication from the WP's silence on awards of attorneys' fees to prevailing defendants. *See Creque v. Luis*, 803 F.2d 92, 95 (3d Cir. 1986) (noting the doctrine of repeal by implication, where one statute impliedly repeals a prior, inconsistent statute, is "an interpretative tool of last resort") (citing *Porter v. U. S. Dep't of Justice*, 717 F.2d 787, 797 (3d Cir. 1983) (ruling the doctrine of repeal by implication has been employed narrowly and is generally disfavored as a means of statutory construction)). If the Virgin Islands Legislature desires to preclude prevailing defendants from the recovery of attorneys' fees in WPA actions, it can do so by legislative action.

Moreover, both Section 124 and Section 541 concern the same subject matter: awards of

---

[4] Section 124 was added to the WPA October 22, 1982, No. 4745, Sess. L. 1982, p. 153. Section 451 is based on the Virgin Islands 1921 Codes and was last amended on May 10, 1939.

attorneys' fees. Section 541 deals generally with fee awards to prevailing parties in all civil actions, whereas Section 124 deals specifically with fee awards to plaintiffs in the context of the WPA. The Third Circuit has stated the rule of construction for analysis of the applicability of general and special legislation on the same subject matter:

> General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

*Creque*, 803 F.2d at 94 (quoting 2A *Sutherland Statutory Construction* § 51.05 (4th ed. 1984)).

As mandated by the Third Circuit in *Creque*, Section 124 and Section 541 must be construed together in harmony. So read, Section 124 is in no way inconsistent with Section 541. The plain language of Section 124 can reasonably be read to afford an award of attorneys' fees only to a prevailing plaintiff or, in the court's discretion, an award to a non-prevailing yet meritorious plaintiff. So construed, there is no conflict between Section 124 and Section 541 because prevailing plaintiffs can recover fee awards under both statutes. Even in the case of a non-prevailing yet meritorious plaintiff, there is no conflict. The court would have discretion to fix an award for a meritorious, non-prevailing plaintiff under Section 124, even if the court also exercised its discretion in the same case to award fees to a prevailing defendant under Section 541. Section 124 and Section 541 are not mutually exclusive. A court could make awards under both statutes to parties in an action without creating conflicting obligations because, under both statutes, the decision to award any amounts and the amounts to be awarded under both statutes are entirely within the court's discretion. Thus, the two statutes can be read together and reconciled.

As applied to this action, Section 124 and Section 541 are not inconsistent or in conflict. Hodge is neither a prevailing plaintiff nor in this Court's discretion, a plaintiff meriting an award under Section 124. The Superior Court, as the prevailing party, is the only party entitled to an award of fees under Section 541.

For purposes of informing the Court's discretion in deciding whether to award attorneys' fees under Section 541, Hodge argues this Court should adopt the more difficult standard for recovery of attorneys' fees by prevailing defendants articulated under federal civil rights statutes, as stated in *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978) (ruling "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith") and *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (adopting the *Christianburg* standard in an action under 42 U.S.C. § 1988 and reversing an award of attorneys' fees against pro se litigant). Hodge provides no legal authority to support application of a federal standard to awards of fees under Virgin Islands territorial law, such as Section 541 or Section 124.

The standard for awarding attorneys' fees to prevailing defendants in federal civil rights cases does not apply to cases arising under Virgin Islands law. *See Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 269 n.6 (3d Cir. 2004) (distinguishing the standard for awarding attorneys' fees to prevailing defendants in federal civil rights cases from the standard for recovery of attorneys' fees under Virgin Islands territorial law, and stating under Section 541 "the standards for recovering attorney's fees do not differ based upon whether the prevailing party is the plaintiff of defendant"); *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, No. 2001-155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004) (distinguishing the standard for awards of attorneys' fees in federal civil rights cases from

6

the Section 541 standard because "[t]he Virgin Islands Legislature more broadly allows a court to award to any prevailing party in a civil action costs and fees it incurred in prosecuting or defending the action") ; *V.I. Bar Ass'n v. Gov't of the V.I.*, 661 F. Supp. 501, 503 (D.V.I. 1987) (distinguishing the standard for awards of attorneys' fees in federal civil rights cases from Section 541 awards of attorneys' fees, where the defendant prevailed on both federal civil rights and Virgin Islands territorial claims, because "[i]t is clear that 5 V.I.C. § 541 permits the award of attorneys' fees as costs only in actions brought pursuant to Virgin Islands, and not federal law") (citation omitted), *aff'd in part, vacated in part*, 857 F.2d 163 (3d Cir. 1988). The Court is not aware of any reported opinion in which a Virgin Islands court applied the federal civil rights standard for awards of attorneys' fees to a request for attorneys' fees under Section 541. The parties also have been unable to find such a case.

The Superior Court's requested fees are fairly and reasonably calculated according to the "lodestar" standard. The lodestar amount is reached by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed. Appx. 93, 96 (3d Cir. 2006) (citing Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (explaining the lodestar calculation); *Jo-Ann's Launder Ctr.*, 1995 WL 78299, at *4-5 (applying lodestar calculation under Section 541 and stating: "In determining the 'lodestar,' or initial valuation of an attorney's services, we are instructed to consider the number of hours spent on the case and the reasonable hourly rate.").

The Superior Court's requested fees are based on counsel's usual billing rates, which are in accord with customary and prevailing market rates in the Virgin Islands for similar services. *See, e.g.*, *Equivest*, 2004 WL 3037953, at *8 (finding similar billing rates for similar services reasonable).

7

The time charged by the Superior Court is reasonable and does not include excessive, redundant, or otherwise unnecessary hours expended on this litigation. Although Hodge claims the Superior Court seeks to recover for excessively or redundantly billed fees for work, he points to no specific items he views as instances of over-billing or duplication. Hodge also claims the Superior Court expended some unnecessary fee-hours in response to discovery and motion practice, but he does not identify any specific items as objectionable. The Court finds the Superior Court's attorneys reasonably and necessarily spent the hours and fees to defend this litigation. The Court finds nothing excessive, redundant, unnecessary, or otherwise objectionable in the fee-hours submitted by the Superior Court.

The Court notes the Superior Court, on its own accord in a good faith effort to present the Court with an honest demand, has voluntarily withdrawn and reduced several thousands of dollars in the total fees originally scheduled. Also, the fees set forth in the Superior Court's Affirmation of Bill of Costs are composed only of the hours billed by one attorney for each task-entry. In addition, although the Superior Court's lead attorney was assisted by associates and a paralegal in discovery, legal research, and drafting of motions, the Superior Court does not request recovery for any of those costs. Furthermore, the Superior Court's attorneys do not seek compensation for time spent defending Hodge's claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12102, 12111-12117, before Hodge voluntarily dismissed those claims. This represents a significant reduction (over $6,000) of the Superior Court's request for fees. This significant discount mitigates any concerns expressed by Hodge about excessive or unnecessary billing. Given the Superior Court's voluntary discount in a good faith effort to resolve this matter, the Court sees no reason to further adjust the amount of fees to be awarded.

After full consideration of the record of the proceedings in this action, the Court concludes that attorneys' fees sought by the Superior Court are fair and reasonable, and the Court approves an award of $ 50,995.00 in fees to the Superior Court.

An appropriate order follows.

BY THE COURT:

November 24, 2009                                              __/s/Juan R. Sánchez_____
Juan R. Sánchez, Judge
United States District Court